{¶ 32} Though I concur with the result reached by the majority, I write separately because I disagree with the reasons used by the majority to reach that result.
 {¶ 33} I do not agree that the parties in this case reached an oral agreement "during settlement discussions * * *." Majority opinion at 4. To conclude that the parties reached a binding oral settlement agreement before the Babers-Metcalf letter was written assumes facts not in evidence. On the record before this court, there is no way to divine the complete content of those "discussions."
 {¶ 34} Further, this unfounded assumption — that the parties entered into an oral settlement agreement — becomes, in turn, the basis for concluding that the parol evidence rule does not apply and, therefore, that the trial court did not abuse "its discretion in considering the affidavit of an attorney in this case." Majority opinion at 11.
 {¶ 35} There is no reason to even reach the question of whether the parol evidence rule applies, because the Babers-Metcalf letter and the plaintiff's dismissal entry constitute the entire written agreement between the parties. OIGA promised to provide plaintiff coverage if he dismissed his lawsuit. Plaintiff dismissed his suit as he promised. There is no ambiguity about these contract terms. Accordingly, I agree with the majority that the parol evidence does not apply in this case. My agreement, however, is clearly premised upon a different set of facts and applicable law.